**UNITED STATES of America, Plaintiff,**

v.

**Deborah BARON, Defendant.**

**No. CR 86–985–03 TJH.**

United States District Court,
D. Hawaii.

Oct. 2, 1989.

Craig Nakamura, Asst. U.S. Atty., for plaintiff.

Michael R. Levine, Federal Public Defender for Dist. of Hawaii, for defendant.

### OPINION AND ORDER VACATING CONVICTION

HATTER, District Judge, sitting by designation.

On July 3, 1989, the Court heard oral arguments on the motion of defendant Deborah Baron ("Baron") to vacate conviction. Michael R. Levine, the Federal Public Defender for the District of Hawaii, appeared on behalf of Baron, and Craig Nakamura, Assistant United States Attorney, appeared on behalf of the United States. Having considered the memoranda filed by the parties, the arguments presented at the hearing, and the files and pleadings in this case, the Court makes the following findings and conclusions:

### FACTS

On July 12, 1986, Deborah Baron, together with three codefendants, was charged in a three-count indictment with conspiracy to possess with intent to distribute cocaine, using a communications facility to facilitate the distribution, and possession with intent to distribute cocaine.

On April 12, 1987, in accordance with the prevailing practice at that time in the District of Hawaii, a magistrate presided over jury selection. The record does not show that Baron was ever informed of her right to have jury selection presided over by an Article III judge. Nor does the record show any express consent by Baron or her counsel to having a magistrate rather than a district court judge preside over jury selection. The record also shows no express objection by Baron or her counsel to the procedure. The general practice in Hawaii from 1983 or 1984 until the Supreme Court's recent decision in *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), was to have a magistrate preside over jury selection, regardless of an objection by a defendant.

On April 16, 1987, the jury convicted Baron of conspiracy to possess and possession with intent to distribute cocaine. On May 26, 1987, the Court sentenced Baron to, among other things, six years imprisonment. Baron appealed her conviction to the Ninth Circuit Court of Appeals, without raising the issue of the magistrate's presiding over jury selection.

In an opinion filed on October 28, 1988, the Ninth Circuit affirmed the judgment of

conviction, but vacated Baron's sentence and remanded the case for resentencing. *United States v. Baron,* 860 F.2d 911 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989).

On June 12, 1989, the Supreme Court decided *Gomez,* holding that the Federal Magistrates Act does not allow the delegation of jury selection to magistrates. In light of *Gomez,* on June 16, 1989, Baron filed a motion to vacate her conviction pursuant to 28 U.S.C. § 2255.

## DISCUSSION

*Finality*

■ A threshold issue is whether Baron's case was final prior to the Supreme Court's decision in *Gomez.* In *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987), the Supreme Court stated that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final." Applying *Griffith,* the Ninth Circuit recently held that "*Gomez* must be applied (at least) to all convictions not yet final." *United States v. France,* 886 F.2d 223, 226 (9th Cir.1989). The Court of Appeals, however, left open the question of whether *Gomez* should be applied retroactively to cases pending on collateral review. *Id.* at 227 n. 2.

Baron argues that because she has not yet been sentenced, her case is not final. The Government, on the other hand, contends that because Baron's conviction was final when the Supreme Court decided *Gomez,* she must meet the more stringent standards for retroactive application on collateral review.

The Court finds that, for the purpose of retroactive application of *Gomez,* Baron's conviction is final. In the context of retroactive application of new rules, "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and ... a petition for certiorari finally denied." *Griffith,* 479 U.S. at 321 n. 6, 107 S.Ct. at 712 n. 6. The Ninth Circuit Court of Appeals affirmed

Baron's conviction and the Supreme Court denied *certiorari* before *Gomez* was decided. Accordingly, Baron does not benefit from *Gomez* as if her case were on direct review.

*Retroactive Application of* Gomez *on Collateral Review*

■ The Supreme Court articulated the test for retroactive application of new constitutional rules of criminal procedure in *Teague v. Lane,* —— U.S. ——, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). As a preliminary matter, the Court notes that the *Gomez* decision was one of statutory construction, rather than constitutional law. *See Gomez,* 109 S.Ct. at 2246 n. 25. While the retroactivity test set forth in *Teague* evolved in the context of new constitutional rules, the Court finds the analysis of *Teague* applicable to *Gomez.* *See France,* at 226 (cases dealing with retroactivity of new constitutional rules applied to *Gomez* ); *id.* at 227 n. 2 (citing *Teague* in reference to question of whether *Gomez* should be applied retroactively on collateral review).

New rules of criminal procedure will not apply retroactively to cases on collateral review, unless they fall within an exception to the general rule. *Teague,* 109 S.Ct. at 1075. One exception is for "bedrock procedural elements," the absence of which would undermine the fundamental fairness that must underlie a conviction or seriously diminish the likelihood of an accurate conviction. *Id.* at 1076–77. The rule announced in *Gomez* falls under this exception, whether viewed in terms of fundamental fairness or accuracy of conviction.

The Supreme Court in *Gomez* held that magistrates lack the power to conduct voir dire in a felony trial, thus, pointing out a fundamental, jurisdictional defect. In reaching its decision, the Court noted that jury selection represented a "critical stage" of the proceeding, with voir dire as "the primary means by which a court may enforce a defendant's right to be tried by a jury free from ethnic, racial, or political prejudice." *Gomez,* 109 S.Ct. at 2246. When a magistrate conducts voir dire, the defendant is deprived of a "basic" right "to

have all critical stages of a criminal trial conducted by a person with jurisdiction to preside." *Id.* at 2248. By its nature, any such jurisdictional error involves a "bedrock procedural element," undermining the fundamental fairness of a felony trial.* *Cf. United States v. Johnson,* 457 U.S. 537, 550, 102 S.Ct. 2579, 2587, 73 L.Ed.2d 202 (1982) ("the Court has recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the first place").

Moreover, the Ninth Circuit has interpreted *Gomez* as a decision "grounded in notions of trial 'accuracy,'" *France,* at 226, stating that "the rule announced in *Gomez* is one that touches on one of the most 'basic rights' of the accused, the right to a fair and accurate trial," *id.* at 228. The Ninth Circuit further characterized the *Gomez* rule as one that is "'designed to enhance the accuracy of a criminal trial,' and which must, therefore, be given broad retroactive application." *Id.* (citation omitted).

Accordingly, because the rule announced in *Gomez* implicates the fundamental fairness of Baron's trial and the accuracy of her conviction, this Court finds that *Gomez* must be applied retroactively on collateral review.

*Cause and Prejudice*

■ In order for a defendant to obtain collateral relief based on trial errors to which no contemporaneous objection was made, she must show both "cause" for her failure to object or raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Although the "cause and prejudice" test of *Frady* is the general rule, the Court is not convinced that *Frady* necessarily applies to the instant case. This is because, from a reasonable reading

of *Gomez,* no contemporaneous objection is required. *See France,* at 227–28 (court finds no indication in *Gomez* that the Supreme Court intended to limit its holding to the facts before it, i.e., where the defendant had objected). Nonetheless, assuming that *Frady* applies, the Court finds that Baron has met the double procedural burden of showing cause and prejudice.

Baron has shown cause for her failure to object because any such objection would have been futile. By the time of Baron's jury selection, the Ninth Circuit had ruled on two occasions that it was not error for magistrates to conduct voir dire in felony trials. *United States v. Peacock,* 761 F.2d 1313 (9th Cir.), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 114 (1985); *United States v. Bezold,* 760 F.2d 999 (9th Cir. 1985), *cert. denied,* 474 U.S. 1063, 106 S.Ct. 811, 88 L.Ed.2d 786 (1986). Indeed, this very same defense counsel has objected to this practice in other cases and has appealed the denial of such objections without success. The Ninth Circuit has recently stated that due to the "'solid wall of circuit authority,'" any objection to a magistrate conducting voir dire would have been futile. *France,* at 228. Failure, therefore, to make an objection did not waive the defendant's right to raise the issue after the Supreme Court's decision in *Gomez.* *Id.* Similarly, this Court finds that Baron is not procedurally barred from raising the issue on collateral review due to her failure to object.

In addition, the Court finds that Baron has been prejudiced by the magistrate presiding over jury selection. The Supreme Court in *Gomez* specifically rejected the United States' argument that any error was harmless because petitioners alleged no specific prejudice. 109 S.Ct. at 2248. The Court held that harmless-error analysis does not apply where "an officer exceeds his jurisdiction by selecting a jury,"

---

* The government argues that this case is analogous to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), where the Court held that Congress' broad grant of jurisdiction to bankruptcy judges violated Article III of the Constitution, but refused to apply its holding

retroactively. *Northern Pipeline,* however, is distinguishable because it was decided in the context of civil proceedings, governed by a different retroactivity analysis. Where life and liberty are at stake, notions of finality must necessarily carry less weight.

equating the right to have an Article III judge preside over jury selection with other "basic fair trial rights." *Id.* Although the government contends that *Gomez* is limited to situations where the defendant objects at trial, the Ninth Circuit has indicated that *Gomez* should not be read in such a restrictive manner. *France,* at 227. This Court reads *Gomez* as prohibiting a magistrate from conducting voir dire, even with a defendant's consent. Accordingly, the Court finds that a defendant suffers prejudice whenever a magistrate exceeds his authority by conducting voir dire in a felony trial.

## CONCLUSION

GOOD CAUSE APPEARING, therefore, the Court finds that Deborah Baron's conviction was obtained "in violation of the Constitution or Laws of the United States" and accordingly, IT IS ORDERED that her conviction should be and is VACATED.