Salvatore **GILBERTI**, Petitioner,

v.

**UNITED STATES of America**, **Respondent.**

**Nos. 89 CV 2364, 87 CR 21(S).**

United States District Court, E.D. New York.

Feb. 22, 1990.

Robert H. Kiernan, Hoffman & Pollok, New York City, for petitioner.

Geoffrey S. Mearns, Asst. U.S. Atty., and Andrew J. Maloney, U.S. Atty., E.D. N.Y., for respondent.

McLAUGHLIN, District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255 for a new trial. For reasons discussed below, the motion is denied.

## FACTS

Following a jury trial, petitioner was convicted on May 1, 1987 on one count of conspiracy to steal goods which were part of an interstate freight shipment, one count of stealing goods which were part of an interstate freight shipment, and one count of kidnapping a person willfully transported in interstate commerce. 18 U.S.C. §§ 371, 659 and 1201. On June 30, 1987 this Court sentenced petitioner to serve concurrent terms of nine years incarceration on each count, and imposed the mandatory assessment of $150.

On February 11, 1988 the Court denied petitioner's motion for a reduction of sentence. Fed.R.Crim.P. 35. Petitioner now moves for a new trial in light of *Gomez v. United States*, ── U.S. ──, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), alleging that despite his objection on the record, a federal magistrate improperly presided over jury selection. Based upon a thorough review of the *Gomez* decision, as well as the post-

*Gomez* directives of this circuit, retroactive application of the *Gomez* rule is unwarranted for convictions that became final prior to the Supreme Court's decision. Petitioner's motion must therefore be denied.

## DISCUSSION

The Federal Magistrates Act empowers district courts to delegate to magistrates certain described powers and listed duties, as well as "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In *Gomez v. United States*, ── U.S. ──, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Supreme Court rejected the proposition that "presiding at the selection of a jury in a felony trial without defendant's consent is among those 'additional duties'". *Id.* 109 S.Ct. at 2239.

In the wake of *Gomez* there has followed an aftershock that continues to rumble through the circuits, uncovering inevitable issues which flow from the Supreme Court's rather narrow holding. Recently, the Second Circuit faced the question whether a defendant who does not object to a magistrate's conducting *voir dire* is protected by *Gomez*. The Court unequivocally concluded that such a defendant is not. *United States v. Vanwort*, 887 F.2d 375, 382–383 (2d Cir.1989); *United States v. Mang Sun Wong*, 884 F.2d 1537, 1545 n. 2 (2d Cir.1989); *see also United States v. Alvarado*, 891 F.2d 439 (2d Cir.1989). Today, we confront another issue in the *Gomez* aftershock, i.e., retroactivity.

While no circuit court has yet squarely decided the retroactive effect of *Gomez* on final [1] judgments, we are not totally without guidance. *See United States v. Lopez–Pena*, 890 F.2d 490, 493 n. 3 (1st Cir.1989) (court, ruling on the retroactive effect of

---

**1.** For purposes of retroactivity, a case is "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712, 93 L.Ed.2d 649 (1987). *See United States v. France*, 886 F.2d 223, 227 (9th Cir. 1989); *Roman v. Abrams*, 822 F.2d 214, 227 (2d Cir.1987).

The United States Court of Appeals for the Second Circuit affirmed petitioner's conviction on November 20, 1987. Petitioner's conviction became final sixty days thereafter. Sup.Ct.R. 20.2 ("a petition for writ of certiorari to review the judgment in a criminal case of . . . a federal court of appeals . . . shall be deemed in time when it is filed with, the Clerk within 60 days after the entry of such judgment."). *Gomez* was decided June 12, 1989.

**578**

*Gomez* on cases still pending on direct appeal, mentions in dicta that *Teague v. Lane,* — U.S. —, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334, *reh'g denied,* — U.S. —, 109 S.Ct. 1771, 104 L.Ed.2d 206 (1989), provides the appropriate standard for determining retroactivity of "new rulings" on collateral review of final convictions); *see also United States v. France,* 886 F.2d 223, 227 n. 2 (9th Cir.1989). In *Teague,* the Supreme Court teaches that so-called "new rules" are generally not retroactive and "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* 109 S.Ct. at 1070, (emphasis in original).

■ Petitioner strenuously argues that *Gomez* involves no "new" rule, but merely a clarification of an existing rule that has been misapplied by federal courts across the country. This Court disagrees. Prior to *Gomez,* the Supreme Court had been silent on the issue of a federal magistrate's jurisdiction to preside over jury selection. Its holding that magistrates lack such jurisdiction can only be characterized as new. *United States v. Rubio,* 722 F.Supp. 77, 84–85 (D.Del.1989).[2] *See also France,* 886 F.2d at 227; *Lopez–Pena,* 890 F.2d at 493 n. 3; *United States v. Baron,* 721 F.Supp. 259, 261 (D.Hawaii 1989). It follows, therefore, that whether *Gomez* applies retroactively to final judgments turns on the Supreme Court's newly announced standard in *Teague. Id.*

■ In *Teague* the Supreme Court concluded with respect to cases on collateral review—such as this federal habeas corpus petition—that "unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague,* 109 S.Ct. at 1075 (1989). *See also Penry v. Lynaugh,* — U.S. —, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).

To the general rule of non-retroactivity the *Teague* court articulated two excep-

tions. One permits a new rule to be applied retroactively "if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* 109 S.Ct. at 1075 (quoting *Mackey v. United States,* 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (separate opinion of Harlan, J.)). Clearly, as all parties here concede, this first exception does not apply because the *Gomez* decision does not implicate any primary conduct that was once illegal but is now legal.

The second exception, however, is more troublesome. According to a plurality of the *Teague* Court, a new rule should be applied retroactively to an otherwise final judgment when such a rule involves "those new procedures without which the likelihood of an accurate conviction is seriously diminished." *Id.* 109 S.Ct. at 1076–1077. District courts have split on this question vis-a-vis jury selection by a magistrate. The Hawaii district court in *Baron, supra,* concluded that "because the rule announced in *Gomez* implicates the fundamental fairness of Baron's trial and the accuracy of her conviction, this Court finds that *Gomez* must be applied retroactively on collateral review." *Id.* at 262.

In *Rubio, supra,* however, the Delaware district court, applying the same *Teague* exception, adamantly rejected any retroactive application of *Gomez* to final judgments on collateral attack. *Rubio,* 722 F.Supp. at 84. That court reasoned:

Rubio's claim cannot be meaningfully distinguished from that present in *Teague.* Both involve the same issue: challenges to the propriety of the jury empanelment. Whereas the petitioner in *Teague* raised a sixth amendment challenge to the propriety of the jury empanelment, Rubio's [*Gomez*] claim is based upon the Court's interpretation of a statute. Empanelment before a federal magistrate is no more likely to impact upon the accuracy of conviction than the use of peremptory challenges to strike

**2.** Prior to *Gomez,* "no less than 51 districts had local rules expressly providing magistrates with authority to conduct *voir dire." Rubio,* 722 F.Supp. at 86.

jurors. Surely, if the constitutional claim in *Teague* did not implicate "fundamental unfairness" as defined by the plurality, the statutory [*Gomez*] claim before me also fails to come within the second exception.

*Id.* at 85.

I find the *Rubio* reasoning persuasive and conclude, accordingly, that *Gomez* should not be given retroactive effect to judgments which became final prior to the Supreme Court's decision. In *Teague* the Supreme Court found that, because the absence of a fair cross section of jurors did not undermine fundamental fairness or seriously diminish the likelihood of an accurate conviction, a new rule requiring petit juries to be composed of a fair cross section of the community did not involve a "bedrock procedural element" warranting retroactive application. *Id.* 109 S.Ct. at 1077. The same analysis should apply to jury selection by a federal magistrate.

It may also be worth noting that the *Baron* decision to grant full retroactive effect to *Gomez* reflects, in part, a continuing conflict in policy among the circuit courts. The *Baron* court, in the Ninth Circuit, clearly adheres to a broad reading of the *Gomez* decision. The United States Court of Appeals for the Ninth Circuit, for example, has found that a defendant's failure to object to jury selection by a magistrate does not waive that defendant's right to raise a *Gomez* objection on direct appeal or collateral attack. *France*, 886 F.2d at 226; *Baron*, 721 F.Supp. at 262. The Second Circuit is squarely contra. *See supra Vanwort, Wong* and *Alvarado*.

### CONCLUSION

Accordingly, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 must be, and hereby is, denied.

SO ORDERED.