**Salvatore GILBERTI,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 79, Docket 90–2106.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 13, 1990.

Decided Oct. 22, 1990.

Charles Weintraub, New York City (Hoffman & Pollok, New York City, Robert H. Kiernan, of counsel), for petitioner-appellant.

Geoffrey Mearns, Brooklyn, N.Y., Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Matthew E. Fishbein, Asst. U.S. Atty., of counsel), for respondent-appellee.

Before PRATT, MAHONEY and WALKER, Circuit Judges.

PRATT, Circuit Judge:

Salvatore Gilberti appeals from a judgment of the United States District Court for the Eastern District of New York, Joseph M. McLaughlin, *Judge*, denying Gilberti's motion under 28 U.S.C. § 2255 to set aside his conviction, because over his objection, a magistrate presided at the jury selection for his trial. Gilberti claims that *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), should be applied retroactively to vacate his conviction.

It is undisputed that Gilberti made a timely objection to jury selection by the magistrate and that, if *Gomez* applies retroactively, his motion must be granted and his conviction set aside. Because we conclude that, under the analysis adopted in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and applied by the Supreme Court in *Saffle v. Parks*, —— U.S. ——, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990), *Butler v. McKellar*, —— U.S. ——, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990), and *Penry v. Lynaugh*, —— U.S. ——, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), *Gomez* cannot be retroactively applied on collateral review of a final conviction, we affirm the judgment of the district court.

## BACKGROUND

Gilberti was indicted on charges of conspiracy, theft, and kidnapping in violation of 18 U.S.C. §§ 371, 659, and 1201. Jury selection was conducted by a magistrate, over Gilberti's objection. The jury, so empaneled, convicted him on the charges; he was sentenced to concurrent nine-year terms of imprisonment; and we affirmed his conviction.

Seventeen months after Gilberti's conviction became final, the Supreme Court held that the Federal Magistrates Act, 28 U.S.C. §§ 631–39, does not authorize district

courts to delegate jury selection to magistrates in felony trials over the objection of the defendant. *Gomez*, 109 S.Ct. at 2247. Gilberti then moved under 28 U.S.C. § 2255, claiming that *Gomez* required his conviction to be set aside. Applying the principles articulated by the Supreme Court in *Teague*, the district court concluded that *Gomez* should not be applied retroactively, and denied the motion. *Gilberti v. United States*, 731 F.Supp. 576, 579 (E.D.N.Y. 1990). Gilberti now appeals.

## DISCUSSION

*Teague* and its progeny provide a standard for determining whether a newly announced rule of criminal procedure is to be retroactively applied on collateral review. These cases conclusively establish that "new rules" of criminal procedure are not "applicable to those cases which have become final before the new rules are announced", unless they fall into one of two exceptions. *Teague*, 109 S.Ct. at 1075; *Saffle*, 110 S.Ct. at 1259 ("narrow" exceptions); *Butler*, 110 S.Ct. at 1218; *Penry*, 109 S.Ct. at 2952.

Under the first exception, if the new rule "places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe' ", *Teague*, 109 S.Ct. at 1075 (quoting *Mackey v. United States*, 401 U.S. 667, 692, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring in part and dissenting in part)),—in other words, " 'fre[es] individuals from punishment for conduct that is constitutionally protected' ", *id.* at 1080 (Stevens, J., concurring in part and dissenting in part) (quoting Justice Harlan in *Mackey*, 401 U.S. at 693, 91 S.Ct. at 1180)—then the new rule may be applied retroactively on collateral review. *Saffle*, 110 S.Ct. at 1263; *Butler*, 110 S.Ct. at 1218; *Penry*, 109 S.Ct. at 2952–53. Under the second exception, "a new rule should be applied retroactively if it requires the observance of 'those procedures that * * * are "implicit in the concept of ordered liberty," ' " *Teague*, 109 S.Ct. at 1075 (quoting Justice Harlan in *Mackey*, 401 U.S. at 693, 91 S.Ct. at 1180 (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937)))—in short, if the new rule implicates the fundamental fairness and the reliability of a criminal conviction. *Id.* at 1076–77; *Saffle*, 110 S.Ct. at 1263; *Butler*, 110 S.Ct. at 1218.

Gilberti questions first whether *Gomez* announced a new rule of criminal procedure, but argues that even if it did, the rule should be given retroactive application because, he contends, *Teague*'s standard limiting retroactivity on collateral review applies only to state prisoners. Finally, Gilberti argues that even if *Teague* does apply to federal prisoners, the "new rule" of *Gomez* fits within the fundamental fairness exception that would allow retroactive application here. We agree with the district court that *Gomez* announced a new rule of criminal procedure, that it applies to federal as well as state prisoners, and that it cannot be applied retroactively on collateral attack because the new rule does not come within either of the narrow exceptions established by *Teague* and its progeny.

### A. *Federal Convictions.*

■ The general principle of nonretroactivity on collateral review is not limited to state convictions. Although *Teague* did involve the habeas corpus petition of a state prisoner, there is no indication that the Court intended its analysis to be limited to state convictions. Its discussion of the history of the doctrine avoided drawing any distinction between state and federal convictions for purposes of retroactivity. Indeed, Justice Harlan's opinion in *Mackey*, relied upon in *Teague*, was in a federal habeas case. Moreover, although collateral review of federal convictions does not involve the considerations of federalism and comity that must be weighed on a state habeas corpus application, the primary reason for restricting collateral review—the goal of finality—is common to both federal and state applications.

■ Further, the reason the Supreme Court expressly clarified the principles governing retroactivity on collateral review, *see e.g.*, *Linkletter v. Walker*, 381 U.S. 618, 627–30, 85 S.Ct. 1731, 1736–38, 14 L.Ed.2d

601 (1965), was not to limit the doctrine to state convictions, but to develop a principle that would allow more consistency in results. *Teague*, 109 S.Ct. at 1070. Injecting a federal/state dichotomy into the picture would defeat rather than further that goal of consistency. We hold, therefore, that the *Teague* principle of according on collateral review very limited retroactivity to new rules of criminal procedure applies to federal as well as state convictions.

## B. *New Rule.*

■ "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 1070 (emphasis in original); *see Saffle*, 110 S.Ct. at 1260; *see also Butler*, 110 S.Ct. at 1216; *Penry*, 109 S.Ct. at 2947. Under this principle, *Gomez* established a "new rule".

Prior to *Gomez*, both congress and the courts had followed a trend toward expanding the authority of magistrates, *see Gomez*, 109 S.Ct. at 2242–43; at least "51 districts had local rules expressly providing magistrates with authority to conduct voir dire." *United States v. Rubio*, 722 F.Supp. 77, 86 (D.Del.1989), *aff'd*, 908 F.2d 965 (3d Cir.1990). The Supreme Court remained silent on the issue until it granted certiorari to *Gomez* after this circuit had held that the Federal Magistrates Act provided authority for jury selection by magistrates. *United States v. Garcia*, 848 F.2d 1324, 1332 (2d Cir.1988), *rev'd sub nom. Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

After full briefing and argument, the *Gomez* Court reversed the second circuit and in effect required a change of jury selection procedures in 51 of this country's 91 districts. Thus, the Court's holding that the act did not authorize magistrates to preside over jury selection in a felony trial where the defendant objected was not only not dictated by precedent, but was contrary to existing practice and precedent both in this circuit and in many courts throughout the federal system. We conclude, therefore, that the rule announced in *Gomez* was, indeed, a "new rule" of criminal procedure.

## C. *No Exception.*

■ Even though he relies on a new rule, Gilberti still could apply this rule retroactively on collateral review if his case fell within one of the recognized exceptions. *Teague*, 109 S.Ct. at 1075. The exception for rules that place certain kinds of private conduct beyond the proscription of criminal law-making authority, *id.* at 1075, does not apply here, and Gilberti does not attempt to rely on it.

Gilberti does invoke the exception for new procedures which seek to correct a condition that undermines the fundamental fairness of a conviction and "seriously diminish[es] the likelihood of obtaining an accurate conviction." *Teague*, 109 S.Ct. at 1077; *see Saffle*, 110 S.Ct. at 1263. However, he is unable to point out any way in which jury selection by a magistrate either undermines fundamental fairness or diminishes the accuracy of his conviction.

Where a neutral magistrate presides over *voir dire*, it cannot be claimed, and Gilberti does not claim, that the process makes it more likely that an innocent defendant would be found guilty. Without more, simply because a magistrate rather than a district judge presides at jury selection does not call into question the impartiality of the jury, nor does it compromise the accuracy or reliability of that jury's verdict. Because the impartiality of the jury is not tainted by who presides at the selection, fundamental fairness is not implicated. Accordingly, the "new rule" of *Gomez* is not the kind of "bedrock procedural element" entitled to full retroactive application. *Teague*, 109 S.Ct. at 1077.

Finally, Gilberti argues for what might be characterized as "constructive fundamentalism". He claims that the point of *Gomez* was to correct an error that was "fundamental" because it was jurisdictional in nature. *See Government of the Virgin Islands v. Williams*, 892 F.2d 305, 309 (3d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 2211, 109 L.Ed.2d 537 (1990). Since there was no jurisdiction, he argues,

there could be no legitimate judge, no legitimate jury, and no legitimate conviction. Thus, he concludes, the entire trial was so tainted as to be fundamentally unfair. The minor premise of this argument, of course, is that *Gomez* dealt with a "jurisdictional" rule.

We held in *United States v. Musacchia,* 900 F.2d 493, 501–03 (2d Cir.1990), however, that *Gomez* did not create a jurisdictional bar to a magistrate's presiding at jury selection, and reaffirmed our view that a magistrate's conducting *voir dire* is proper when the defendant consents or fails to object. *See United States v. Vanwort,* 887 F.2d 375, 382–83 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1927, 109 L.Ed.2d 290 (1990); *United States v. Mang Sun Wong,* 884 F.2d 1537, 1546 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990). There, we analyzed the issue of the magistrate's jurisdiction as analogous to jurisdiction over the person, which is waivable, not as analogous to subject matter jurisdiction, which can never be waived. *Musacchia,* 900 F.2d at 503. We concluded that a defect in the magistrate's jurisdiction over jury selection was a defect "in the institution of the prosecution", *id.,* not a defect in the substantive nature of the subsequent trial. So, Gilberti's claim that the magistrate lacked jurisdiction to preside over his jury selection does not involve a "bedrock procedural element", and cannot satisfy the fundamental fairness exception. Under our precedents, therefore, and for the reasons above, Gilberti's claim for retroactive application of *Gomez* to his conviction on collateral appeal is foreclosed.

If, however, the Supreme Court should decide *United States v. France,* 886 F.2d 223 (9th Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 1921, 109 L.Ed.2d 285 (1990) on a basis which would require a different view of the jurisdiction argument, then we might have to take a second look at the interaction between this problem of "jurisdiction" and the doctrine of limited retroactivity.

## CONCLUSION

We hold that *Gomez* created a "new rule" of criminal procedure which cannot be retroactively applied on collateral review, because it does not implicate fundamental fairness or the accuracy of criminal convictions. Because Gilberti's conviction became final prior to the decision in *Gomez,* he cannot avail himself of its new rule by way of collateral review under 28 U.S.C. § 2255. The district court's judgment denying Gilberti's motion is, therefore, affirmed.