930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony INGRAO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1968.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Anthony Ingrao filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in which he challenged the constitutionality of a conviction for theft from an interstate shipment in violation of 18 U.S.C. Sec. 659. The district court ultimately denied the relief sought and this appeal followed. The parties have briefed the issues, Ingrao proceeding without counsel.
 
 
 3
 Upon consideration, we conclude that the district court properly denied the motion to vacate. Ingrao claims that his conviction should be vacated pursuant to Gomez v. United States, 490 U.S. 858 (1989), holding it is error for a magistrate to preside over voir dire during felony trials. While the error complained of under Gomez may not have been waived by Ingrao's failure to object, see United States v. France, 886 F.2d 223 (9th Cir.1989), aff'd by an equally divided court, 59 U.S.L.W. 4089 (Jan. 22, 1991) (mem.), we agree with the district court that the Gomez rule should not be applied retroactively to Ingrao's conviction. See Gilberti v. United States, 917 F.2d 92, 94-96 (2d Cir.1990). We likewise find no merit to the ineffective assistance of counsel claim.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.