941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buford Dale FAIR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5274.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Buford Dale Fair, a federal prisoner, appeals the district court's order overruling his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Fair in August 1988 of conspiracy to distribute and to possess with intent to distribute cocaine, distribution of cocaine, and using and carrying a firearm during and in relation to drug trafficking offenses. The district court sentenced Fair on May 12, 1988 to four concurrent terms of 108 months imprisonment plus 60 months on the firearm count, followed by a 5-year period of supervised release. The Sixth Circuit affirmed the conviction on direct appeal.
 
 
 4
 Fair presented two grounds for relief in his present motion: (1) the magistrate lacked jurisdiction to preside over voir dire and jury selection, and (2) trial counsel rendered ineffective assistance because he stipulated to the magistrate's conducting voir dire and jury selection; he failed to investigate, request, obtain, and understand exculpatory evidence; and he failed to object to an improper statement made by the prosecutor during closing argument.
 
 
 5
 The magistrate judge issued his proposed findings of fact and recommendation on December 18, 1990, in which he recommended that Fair's motion be denied. The magistrate judge concluded that the Supreme Court decision on the authority of magistrates to conduct jury selection in felony trials is not retroactively applicable to Fair's case and that counsel did not render ineffective assistance in any of the three instances cited by Fair. The district court responded to Fair's objections, adopted the magistrate judge's report and recommendation as the opinion of the court, and overruled Fair's motion to vacate sentence in an order filed February 19, 1991.
 
 
 6
 On appeal, Fair continues to argue the merits of his grounds for relief.
 
 
 7
 Upon review, we affirm the district court's order because Fair has not established a complete miscarriage of justice or proceedings inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 784 (1979).
 
 
 8
 Fair is not entitled to relief on his first ground because the rule of criminal procedure upon which he relies, announced by the Supreme Court in Gomez v. United States, 490 U.S. 858 (1989), is not applicable to his case. The Second Circuit's analysis of this question persuades us that the rule announced in Gomez is not retroactively applicable to cases on collateral review. See Gilberti v. United States, 917 F.2d 92, 94-96 (2d Cir.1990). Moreover, the Supreme Court recently held that a magistrate may preside over jury selection in a felony trial where both parties consent. See Peretz v. United States, 59 U.S.L.W. 4830, 4832-33 (U.S. June 27, 1991). This holding is applicable to this case despite Fair's conclusory allegation that his attorney stipulated to a magistrate's presiding over jury selection without his knowing consent.
 
 
 9
 Fair's second ground for relief, based on three alleged errors by trial counsel, is also meritless because he has not shown that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Accordingly, we affirm the district court's order, entered February 19, 1991, denying Fair's motion to vacate sentence. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation