944 F.2d 523
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gwynne JUDGE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Debra Ann Sonido BARON, aka Debbie A. Sonido aka Debra Ann
Sonido, Defendant-Appellee.
James Vincent ALBERTINI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
James Kanealii MULLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 89-16167, 89-16421, 90-15563 and 90-15631.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 6, 1991.
Submission Vacated May 13, 1991.
Resubmitted Sept. 5, 1991.
Decided Sept. 10, 1991.
 
 Douglas Wilson, Dept. of Justice, Washington, D.C., for plaintiff/respondent/appellee/appellant U.S. Government.
 Michael R. Levine, Sacramento, Cal., for defendant-appellee, Debra Baron.
 James Weinstein, Phoenix, Ariz., for defendant-appellant, Gwynne Judge.
 Alexander Silvert, Honolulu, Hawaii, for petitioners-appellants Albertini and Muller.
 Appeal from the United States District Court for the District of Hawaii.
 Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 Appellants James Albertini, Gwynne Judge and James Muller and appellee Debra Baron were all convicted after jury trials. In each case, jury voir dire was conducted by a federal magistrate (now Magistrate-Judge, see Civil Justice Reform Act of 1990, Pub.L. No. 101-650, 104 Stat. 5089, 5117 (1990)), rather than by an Article III district court judge. Each of the convictions was affirmed on appeal, and in none of the appeals did the defendants challenge the lawfulness of the jury selection process. After the convictions became final, the Supreme Court held that jury selection by a magistrate without the defendant's consent violates the Federal Magistrates Act. Gomez v. United States, 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (interpreting 28 U.S.C. § 636(b)(3)).
 
 
 2
 All of the defendants then filed section 2255 habeas corpus petitions endeavoring to raise such a challenge on collateral review. We consolidated the appeals because all raise the issue which we expressly reserved in United States v. France, 886 F.2d 223, 227 n. 2 (9th Cir.1989), aff'd mem., --- U.S. ----, 111 S.Ct. 805, 112 L.Ed.2d 836 (1991): whether the Gomez decision should be afforded "complete" retroactive effect and applied to convictions challenged on collateral review. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We held in France that the rule announced in Gomez was a new rule which should be applied retroactively "to all cases pending on direct review or not yet final" on the date that Gomez issued. 886 F.2d at 227 (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).
 
 
 3
 Under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), a new rule is applied retroactively to cases on collateral review only if it falls within an exception to the general rule of nonretroactivity. The exception relevant here is where a rule requires observance of "those procedures that ... are 'implicit in the concept of ordered liberty.' " 489 U.S. at 307, 109 S.Ct. at 1073 (quoting Mackey v. United States, 401 U.S. 667, 693, 91 S.Ct. 1160, 1180, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring)). All of the individuals before us contend that the rule announced in Gomez falls within that exception. They claim that Gomez established a fundamental right to have a jury in a federal criminal trial selected by an Article III judge, and that this right is a jurisdictional requirement compelling the reversal of any case in which that right is violated.
 
 
 4
 We deferred submission of these cases pending the Supreme Court's decision in Peretz v. United States, --- U.S. ----, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). The Supreme Court has now held in Peretz that the Federal Magistrates Act permits a magistrate to supervise jury selection in a felony trial in which the parties consent to the magistrate's supervision. 111 S.Ct. at 2667. The Court distinguished Gomez on the ground that the defendant in Gomez objected to magistrate-conducted jury selection. The Court stated that the defendant's consent "significantly changes the constitutional analysis," id., and reasoned that the defendant's consent alleviates any concern that the selection process has violated Article III or deprived the defendant of an "important privilege." Id.
 
 
 5
 We conclude after Peretz that the rule announced in Gomez cannot be considered a rule fundamental to the concept of ordered liberty. In holding that a magistrate can conduct voir dire where the parties consent, the Court cannot have interpreted Gomez as implicating subject matter jurisdiction of the courts; it is well-established that litigants cannot confer jurisdiction by consent where none exists. See Insurance Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 701-02, 102 S.Ct. 2099, 2103-04, 72 L.Ed.2d 492 (1982). The Court in Peretz also effectively held that the conduct of voir dire by a magistrate does not implicate Article III structural protections, for the Court emphasized that the district courts retain "total control and jurisdiction" over the process. 111 S.Ct. at 2669-70. We therefore hold that the question reserved in France must be answered in the negative: under Teague v. Lane, the Gomez decision should not be afforded "complete" retroactive effect and applied to convictions that have become final and are pending on collateral review.[1]
 
 
 6
 The Baron appeal raises a separate additional issue. In Baron's case, the district court granted the section 2255 petition and the government appeals. See United States v. Baron, 721 F.Supp. 259 (D.Haw.1989). Baron on appeal contends that this was appropriate in her case because her conviction was not yet final. Baron's conviction was affirmed on appeal and certiorari was denied. United States v. Baron, 860 F.2d 911 (9th Cir.1988), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 414 (1989). However, the sentence was set aside on appeal, and the section 2255 petition was filed before the district court completed resentencing. Baron therefore contends that her conviction was not final for purposes of retroactivity analysis, and that her appeal should be treated as one still pending at the time the Gomez decision was filed. The difficulty with her position is that although she had not yet been resentenced, her conviction had become final. Her avenues of direct appeal had been exhausted and the Supreme Court had denied certiorari. The vacation of her sentence, on grounds wholly unrelated to the conduct of her trial, did not affect the validity of her conviction and the collateral nature of the review she now seeks.
 
 
 7
 Albertini raises a similar contention, arguing that his conviction is not yet final because he has a Rule 35(b) proceeding pending before this court challenging his sentence. His underlying conviction remains as final as Baron's.
 
 
 8
 The judgments of the district court in United States v. Judge, Albertini v. United States, and Muller v. United States are AFFIRMED and the district court's order in United States v. Baron is REVERSED AND REMANDED WITH INSTRUCTIONS TO REINSTATE THE CONVICTION.
 
 
 
 [1]
 In Peretz, the defendant affirmatively consented to the magistrate's selecting the jury. Indeed, his counsel stated, "I would love the opportunity." Peretz, 111 S.Ct. at 2663. The appeals before us present a different situation. Judge, Baron, and Muller neither affirmatively consented nor objected to the magistrate selecting the jury. Albertini filed a written objection at trial. None of the appellants raised this challenge on direct appeal