956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Defendant-Appellee,
v.
Harvey JOHNSON, Plaintiff-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey JOHNSON, Defendant-Appellant.
 Nos. 91-35708, 91-35919.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 10, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and DAVIES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Johnson was convicted of several counts of bank robbery at two separate trials. Before sentencing, both district judges received the same presentence report. Johnson challenged the factual accuracy of the report at both sentencing proceedings. On appeal, he argues that the district courts failed to comply with Fed.R.Crim.P. 32(c)(3)(D) in responding to his challenges. Also, he now alleges that he was denied the right to counsel at the corresponding presentence interview.
 
 
 4
 * For each controverted matter, Rule 32(c)(3)(D) requires either "a finding as to the allegation" or "a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."
 
 A. No. 91-35708
 
 5
 District Judge Tanner failed to make either findings or determinations on the alleged factual inaccuracies.
 
 
 6
 When the defendant challenges the factual accuracy of any matters contained in the presentence report, the district court must, at the time of sentencing, make the findings or determinations required by Rule 32. If the district court fails to make the required findings or determination, the sentence must be vacated and the defendant resentenced.
 
 
 7
 United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Because the court failed to comply with the substantive requirements of Rule 32(c)(3)(D), we must vacate the sentence and remand for resentencing.
 
 B. No. 91-35919
 
 8
 District Judge Coughenour complied with the substantive requirements of Rule 32(c)(3)(D) by stating unequivocally he did not rely on the presentence report in sentencing. In the order denying Johnson's section 2255 motion, Judge Coughenour appended this determination to the report. He had not done so following sentencing.
 
 
 9
 Failure to append the appropriate findings or determinations to a presentence report is a ministerial error that does not require resentencing. Id. at 1517. Because the court has corrected the error, we affirm the judgment and sentence.
 
 II
 
 10
 This court established a right to counsel at presentence interviews in United States v. Herrera-Figueroa, 918 F.2d 1430 (9th Cir.1990). We decline to apply the right retroactively to cases on collateral review. We apply the retroactivity analysis of Teague v. Lane, 489 U.S. 288, 311 (1989) to both constitutional and nonconstitutional rights. See United States v. Judge, 944 F.2d 523, 525 (9th Cir.1991).
 
 
 11
 Under Teague, rights apply retroactively if they fall into one of two exceptions. The first exception applies to rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Teague, 489 U.S. at 311. The second applies to rules that require "the observance of procedures that are 'implicit in the concept of ordered liberty.' " Id. at 311 (quoting Mackey v. United States, 401 U.S. 667, 693 (1971)). The right to counsel at presentence interviews falls into neither exception.
 
 
 12
 Appeal No. 91-35919, AFFIRMED.
 
 
 13
 Appeal No. 91-35708, REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable John G. Davies, United States District Court, Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3