43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edwin SMITH, Defendant-Appellant.
 No. 92-16463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Submission Withdrawn Nov. 9, 1994.
Resubmitted Nov. 29, 1994.
Decided Dec. 15, 1994.
 
 Before: BROWNING, TROTT, AND KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Edwin Smith appeals pro se the district court's denial of his motion pursuant to 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence and his motion for reconsideration. Additionally, Smith challenges the constitutionality of his conviction under 18 U.S.C. Sec. 2252. We review the district court's decision de novo, United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993), and we affirm.
 
 BACKGROUND
 
 3
 In the fall of 1984, Smith took photographs of three teenage girls in various stages of nudity, and mailed the film from Hawaii to Maryland for development by a company which proceeded to contact the authorities. On November 20, 1984, postal inspectors executed a search warrant of Smith's residence, recovering a .357 Magnum revolver.
 
 
 4
 On April 25, 1985, Smith was indicted by a federal grand jury on three counts of inducing or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. Sec. 2251(a); three counts of mailing the visual depictions in violation of 18 U.S.C. Sec. 2252(a); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 1202(a) (current version at 18 U.S.C. Sec. 922(g)(1)).
 
 
 5
 Smith was convicted on all counts and sentenced to ten years imprisonment on one of the Sec. 2251(a) child exploitation counts, five years probation for the remaining counts, and a special assessment of $50 for each of the seven counts. This Court affirmed Smith's convictions on appeal. United States v. Smith, 795 F.2d 841 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987).
 
 
 6
 On Smith's motion to vacate, set aside, or correct his sentence, the district court ruled the three Sec. 2252(a) counts were multiplicitous because the photographs were all mailed in a single envelope. The district court accordingly vacated Smith's sentences on two of the Sec. 2252(a) counts but noted that the outcome was unaffected because the sentences imposed for the multiplicitous Sec. 2252(a) counts were five-year probation periods running concurrently with the probation period imposed for the Sec. 2251(a) counts. In all other respects, the district court denied Smith's Sec. 2255 motion. The district court denied Smith's motion for reconsideration on June 11, 1992.
 
 
 7
 On August 10, 1992, Smith appealed the district court's decision to this Court. On December 19, 1992, in an unrelated case, this Court held that 18 U.S.C. Sec. 2252 was facially unconstitutional in violation of the First Amendment because it did not require knowledge of minority of at least one of the performers as an element of the crime. United States v. X-Citement Video, Inc., 982 F.2d 1285, 1292 (9th Cir.1992). On February 28, 1993, the United States Supreme Court granted certiorari in X-Citement Video. 114 S.Ct. 1186 (1994). We deferred submission in United States v. Smith pending the Supreme Court's decision in X-Citement Video. On November 29, 1994, the Supreme Court announced its decision in X-Citement Video, and we now submit and dispose of Smith's appeal.
 
 DISCUSSION
 
 8
 * Speedy Trial Rights
 
 
 9
 Smith asserts that his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. Sec. 3161, the Sixth Amendment, and the due process clause of the Fifth Amendment was violated because he was indicted by federal authorities on child exploitation charges five months after postal inspectors searched his house and state authorities arrested him on weapons charges. We reject this contention.
 
 
 10
 Because only a federal arrest triggers the requirements of the Speedy Trial Act, United States v. Adams, 694 F.2d 200, 202 (9th Cir.1982), cert. denied, 462 U.S. 1118 (1983), the five-month delay between Smith's arrest on state charges and indictment on federal charges does not implicate the Act. Nor did the five-month delay implicate Smith's Sixth Amendment right to a speedy trial because the right did not attach until he was arrested on federal child-exploitation charges. See United States v. MacDonald, 456 U.S. 1, 6-8 (1982). Finally, the delay did not violate due process because Smith's speculative allegations that the United States used the delay to gain a tactical advantage and build media hype against him did not satisfy his heavy burden of showing the delay resulted in actual prejudice. See United States v. Valentine, 783 F.2d 1413, 1416-17 (9th Cir.1986).
 
 II
 Voir Dire
 
 11
 Smith contends that Gomez v. United States, 490 U.S. 858 (1989), in which the Supreme Court held that magistrate judges are without statutory authority to conduct jury selection in felony trials without a defendant's consent, should be applied retroactively. This contention is meritless.
 
 
 12
 In this case, this Court affirmed Smith's conviction and sentence on July 29, 1986, and Smith's petition for writ of certiorari was denied on April 27, 1987. United States v. Smith, 795 F.2d 841 (9th Cir.1986), cert. denied, 481 U.S. 1032 (1987). The Supreme Court announced its decision in Gomez on June 12, 1989; more than two years after Smith exhausted his direct appeal. Gomez does not apply retroactively to convictions, like Smith's, which were pending only on collateral review when Gomez became law.[1] United States v. Judge, 944 F.2d 523, 525 (9th Cir.1991), cert. denied, 112 S.Ct.1988 (1992). Therefore, Smith is barred from challenging his conviction under Gomez.
 
 III
 Multiplicity
 
 13
 Smith contends the three counts of producing photographs of minors under Sec. 2251(a) and the one count of mailing those photographs under Sec. 2252(a) were multiplicitous and that he should therefore have been tried, convicted, and sentenced only on a single count of violating Sec. 2251(a).
 
 
 14
 The district court properly ruled the Sec. 2251 production counts were not multiplicitous with the Sec. 2252 mailing count because Congress intended to punish two separate acts: the act of taking the pictures and the act of distributing the pictures. See United States v. Esch, 832 F.2d 531, 541-42 (10th Cir.1987), cert. denied, 485 U.S. 908 and 485 U.S. 991 (1988). The district court also properly ruled that the three Sec. 2251 production counts were not multiplicitous with one another because Sec. 2251 was intended to punish each incident of sexual exploitation for each minor involved. See id.
 
 IV
 Definitions of Sexually Explicit Conduct
 A. Expert Testimony
 
 15
 Smith contends the trial court erred by not requiring expert testimony under Fed.R.Evid. 702 to assist the jurors in understanding the terms "lascivious" and "sadistic and masochistic abuse." "Lascivious exhibition of the genitals or the pubic area" and "sadistic and masochistic abuse" are statutory terms set forth in 18 U.S.C. Sec. 2256[2] and are the specific types of conduct in which Smith was convicted of having caused the minors to engage.
 
 
 16
 The admissibility or exclusion of expert testimony is within the discretion of the trial court and is reversible only for abuse of discretion or manifest error. United States v. Arvin, 900 F.2d 1385, 1388-89 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). Rule 702 does not require that experts be used; it merely allows the use of expert testimony to assist the trier of fact. See id. at 1389.
 
 
 17
 The trial court did not abuse its discretion in excluding expert testimony. The terms used in the child exploitation statutes are not so obscure as to warrant undoing a conviction where expert testimony was not introduced. See Arvin, 900 F.2d at 1388-90.
 
 B. Jury Instructions
 
 18
 Smith also contends that the jury instruction defining lasciviousness accorded inadequate weight to Smith's motive and was overbroad. The court defined "lascivious" as:
 
 
 19
 Tending to excite lust, lewd, indecent, obscene, sexual impurity; intended to deprave the morals in respect to sexual relations.
 
 
 20
 Charge to Jury, June 26, 1985, at 45. We conclude this definition properly "conveyed to the jury that 'lascivious' was like 'lewd' and that it was more than distasteful and more than bad taste." Arvin, 900 F.2d at 1391.
 
 V
 Intent
 
 21
 Smith contends that the trial court erred by removing from jury consideration the element of criminal intent. Specifically, he claims his convictions were improper because there was no showing of bad motive on his part. Motive, however, is not an element of the charged offenses. See 18 U.S.C. Secs. 2251, 2252. The district court properly instructed the jury that it had to find Smith acted knowingly in order to convict him of the charged offenses.
 
 VI
 Ineffective Assistance of Counsel
 
 22
 To have his conviction set aside because of ineffective assistance of counsel, Smith must show, considering all the circumstances, that his counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687 (1984). Smith must also affirmatively prove prejudice--i.e., a reasonable probability that but for his counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.
 
 
 23
 Smith asserts that he was denied effective assistance of counsel because of his attorney's failure to object to pretrial delay; failure to file a motion to require the government to elect the single crime at issue; failure to move in limine for education of the jury regarding the definition of "sadomasochism;" failure to assert a lack of criminal intent at trial; failure to raise the criminal intent question on appeal; failure to challenge the jury instruction regarding "lascivious depictions;" and failure to appeal the exclusion of other widely-distributed photos of nude minors that Smith asserts show "there are artistic and educational purposes that lack criminal intent or motive" under the statute. These contentions fail for the reasons previously set forth.
 
 
 24
 We also reject Smith's contention that his counsel was ineffective for having failed to conduct discovery regarding alleged misconduct by police officers in the questioning of two of the teenage witnesses who posed for the photographs. The only evidence of such misconduct are two unsigned, unsworn affidavits. The district court properly ruled that such evidence is insufficient to show the result would have been different but for counsel's failure to conduct discovery on this matter, as required by Strickland, 466 U.S. at 694.
 
 
 25
 The decision of Smith's counsel to cite, at sentencing, Smith's past psychiatric problems was made in furtherance of the recommendation that Smith be hospitalized for study. We conclude this decision was a tactical decision that does not amount to ineffective assistance of counsel. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 26
 Smith's assertion that his counsel failed to challenge on appeal the sufficiency of the search warrant affidavit is also baseless inasmuch as the adequacy of the warrant was addressed and sustained on direct appeal. See Smith, 795 F.2d at 847-49.
 
 
 27
 Additionally, Smith's counsel was not ineffective in failing to appeal the magistrate's selection of the jury because the Supreme Court did not invalidate magistrate jury selection in felony trials until after Smith's direct appeal. See Gomez v. United States, 490 U.S. 858 (1989).
 
 
 28
 Lastly, Smith contends he was denied effective assistance of counsel on the ground that his counsel elicited incriminating information from him while on direct examination which led to his conviction for the firearm charge. On direct examination, Smith admitted the gun belonged to his girlfriend who had moved out of the house prior to the police search. Smith, 795 F.2d at 849 n. 9.
 
 
 29
 Smith's counsel was actually making a tactical decision in asking Smith if he knew to whom the gun belonged so that the adverse impact of the testimony that the gun belonged to his girlfriend could be diminished as opposed to its being brought out on cross-examination. This is an accepted trial strategy and does not constitute the denial of effective assistance of counsel.
 
 
 30
 In sum, Smith failed to show his counsel's performance failed to meet the requisites of Strickland. Accordingly, we affirm the district court's conclusion that Smith was not deprived of his right to effective assistance of counsel.
 
 VII
 Constitutionality of 18 U.S.C. Sec. 2252
 
 31
 Smith contends his conviction under that section must be reversed pursuant to our holding in United States v. X-Citement Video, Inc., 982 F.2d 1285 (9th Cir.1992), cert. granted, 114 S.Ct. 1186 (1994), where we held Sec. 2252 to be facially unconstitutional in violation of the First Amendment.
 
 
 32
 On November 29, 1994, the Supreme Court reversed the holding of the Ninth Circuit in X-Citement Video. United States v. X-Citement Video, Inc., No. 93-723, 1994 WL 662620 (U.S. Nov. 29, 1994). The Court held Sec. 2252 does require knowledge of the minority of at least one of the performers and, thus, is not violative of the First Amendment. Id.at * 7.
 
 
 33
 Because Sec. 2252 is not facially unconstitutional, Smith can only prevail by showing that the section is unconstitutional as applied to him. The record does not support nor does Smith attempt to make such a showing. The record reflects that Smith personally testified he knew the age of the girls he was photographing. Therefore, Smith's challenge to the constitutionality of his conviction pursuant to Sec. 2252 must fail.
 
 VIII
 Various Other Motions
 
 34
 For the reasons stated by the district court, we affirm the district court's denial of Smith's motions for discovery, declaratory relief, return of property, suppression of evidence, issuance of a subpoena duces tecum, an evidentiary hearing, and a writ of habeas corpus.
 
 CONCLUSION
 
 35
 For the reasons set forth in this Memorandum, the district court's decision denying Smith's Sec. 2255 motion is
 
 
 36
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This case does not implicate the analysis recently set forth by this court in English v. United States, No. 91-16442, slip op. 14153 (9th Cir. Nov. 21, 1994). English only concerns the scenario where Gomez was decided prior to the exhaustion of a defendant's direct appeal
 
 
 [2]
 At the time of Smith's trial, the definitions were set forth in 18 U.S.C. Sec. 225. The sections have since been renumbered