Andrew Paul TAYLOR, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 92–1906.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 26, 1993.

Decided Jan. 28, 1993 *.

* This decision was originally issued as an "unpublished decision" filed on January 28, 1993.

Andrew Paul Taylor (briefed), pro se.

Michael O. Lang (briefed), Office of the U.S. Atty., Detroit, MI, for respondent-appellee.

Before: MERRITT, Chief Judge; and KENNEDY and GUY, Circuit Judges.

PER CURIAM.

Andrew Paul Taylor, a *pro se* federal prisoner, appeals a district court judgment denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

In 1986, a federal jury in Michigan convicted Taylor on multiple drug charges. Taylor received a 30–year sentence. The conviction was affirmed on appeal. *United States v. Johnson*, 831 F.2d 124 (6th Cir. 1987), *cert. denied*, 485 U.S. 968, 108 S.Ct. 1242, 99 L.Ed.2d 440 (1988). In 1990, Taylor filed his present motion to vacate his sentence under § 2255, arguing that a conflict of interest existed between him and his attorney; that his attorney was ineffective; and that a magistrate judge improperly presided over the jury selection at his trial. Upon de novo review of the magistrate judge's report in light of Taylor's objections, the district court adopted the magistrate judge's report and denied the motion to vacate.

In his timely appeal, Taylor raises the same arguments that he presented to the district court. Taylor has requested oral argument and has moved for the appointment of counsel.

Upon de novo review, we conclude that Taylor has failed to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *See United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).

■ A conflict of interest did not exist between Taylor and his attorney. Taylor argues that counsel's investigation and subsequent indictment five days after his trial created a *per se* conflict of interest that violated his rights under the Sixth Amendment to the United States Constitution. Taylor has the burden of demonstrating that counsel's activity represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984); *Cuyler v. Sullivan,* 446 U.S. 335, 345–50, 100 S.Ct. 1708, 1716–19, 64 L.Ed.2d 333 (1980); *Thacker v. Bordenkircher,* 590 F.2d 640, 642 (6th Cir.), *cert. denied,* 442 U.S. 912, 99 S.Ct. 2827, 61 L.Ed.2d 278 (1979). This court specifically has rejected a *per se* rule as to conflicts of interest and requires proof of an actual conflict. *See Thomas v. Foltz,* 818 F.2d 476, 480–81 (6th Cir.), *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

Taylor has not provided proof of an actual conflict of interest. Taylor was prosecuted by federal authorities on multiple drug charges relating to a drug scheme that provided individuals with thousands of fraudulent prescriptions for controlled substances. In contrast, defense counsel was indicted by state officials after Taylor's conviction for conspiracy to possess with the intent to deliver 100 pounds of marijuana. The facts demonstrate that no nexus existed between the charges against Taylor and his attorney. *See United States v. Balzano,* 916 F.2d 1273, 1293 (7th Cir.1990) (nexus between crimes of client and attorney are required to establish conflict of interest). Furthermore, Taylor and his attorney were indicted for separate crimes by two different authorities. Thus, the investigation involving defense counsel was not conducted by the same office that was prosecuting Taylor. *See United States v. McLain,* 823 F.2d 1457, 1463–64 (11th Cir. 1987) (conflict of interest exists if client and attorney are being investigated and prosecuted by the same office). Finally, there is no evidence that counsel breached his duty of loyalty to Taylor.

■ Taylor essentially argues that his attorney was ineffective because counsel did not object to the admission of irrelevant and prejudicial testimony, he did not attack the weakness of Loretta Devenport's testimony, and he did not object to an FBI agent's "improper vouching" for Devenport's credibility. To establish a claim of ineffective assistance of counsel, Taylor must show that his attorney's performance was deficient and that the deficiency prejudiced his defense. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Thomas,* 818 F.2d at 480.

Taylor has not satisfied his burden. Taylor's argument concerning the admission of prejudicial testimony was rejected by this court in Taylor's direct appeal. *See Johnson,* 831 F.2d at 129.

■ Taylor's argument that his attorney should have been more vigorous in emphasizing that Devenport's testimony was uncollaborated is also meritless. A reviewing court's scrutiny of counsel's performance is highly deferential. Every effort is made to evaluate the conduct of counsel from his perspective at the time the subject conduct occurred. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's failure to emphasize the fact that Devenport's testimony was uncollaborated is well within the broad discretion granted Taylor's attorney. Counsel's failure to argue this point to the jury did not render Taylor's trial unfair or the results unreliable.

■ Taylor's "improper vouching" argument likewise does not establish a claim of ineffective counsel. Taylor argues that his attorney erred by failing to object to an FBI agent's "improper vouching" for Devenport's credibility. Improper vouching occurs when a jury could reasonably believe that a prosecutor was indicating a personal belief in a witness' credibility. *See United States v. Causey,* 834 F.2d 1277, 1283 (6th Cir.1987), *cert. denied,* 486 U.S. 1034, 108 S.Ct. 2019, 100 L.Ed.2d 606 (1988). Taylor admits that the "vouching" was made by an FBI agent and not the prosecutor. Thus, the improper vouching

doctrine announced in *Causey* is not applicable.

■ Finally, Taylor's claim that the magistrate judge improperly impaneled his jury is without merit. Taylor argues that his conviction should be vacated because the jury selection was presided over by a magistrate judge. Taylor concedes that he did not consent nor object to the selection process. In *Gomez v. United States*, 490 U.S. 858, 871–76, 109 S.Ct. 2237, 2245–47, 104 L.Ed.2d 923 (1989), the Supreme Court held that a magistrate judge may not preside over jury selection in felony trials over a defendant's objections. However, Taylor's conviction became final before *Gomez* was decided. We are persuaded by the Second Circuit's analysis that the rule announced in *Gomez* is not to be retroactively applied to cases on collateral review. *See Gilberti v. United States*, 917 F.2d 92, 94–96 (2d Cir.1990).

Accordingly, the judgment of the district court is AFFIRMED. Rule 9(b)(3), Rules of the Sixth Circuit.