37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Keenan Kester COFIELD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5075.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. He also moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Keenan Kester Cofield was tried by a jury and convicted of wire fraud. 18 U.S.C. Sec. 1343. He was sentenced to serve 60 months of imprisonment and three years of supervised release; he was also ordered to pay $20,000 in restitution and a $50 special assessment. This court affirmed Cofield's conviction. United States v. Cofield, No. 91-5957, 1992 WL 78105 (6th Cir. April 17, 1992) (per curiam). Following this court's decision affirming Cofield's conviction, he began filing a flurry of lengthy motions. The district court decided to treat Cofield's motions as motions pursuant to 28 U.S.C. Sec. 2255 and denied these motions. Thus construed, Cofield claimed that: 1) he was not granted the right of allocution at his sentencing; 2) the PSI contained false, erroneous, or inaccurate information where it reported that Cofield had an accomplice; 3) the PSI contained erroneous information with respect to his being held in contempt of court in the United States District Court for the Northern District of Alabama; 4) the PSI contained inaccurate information with respect to the amount of money spent by the victims of Cofield's fraud and that the district court was without authority to impose restitution as a part of the sentence; 5) the grand jury based its indictment on a false affidavit that indicated that Cofield had never been married and had no children; and 6) the state convictions set forth in the PSI are constitutionally invalid and should not have been used in determining his sentence.
 
 
 4
 The district court denied Cofield's Sec. 2255 motion without a hearing because it determined that claims 2, 3, and 4 which dealt with erroneous information in the PSI were raised and resolved on direct appeal. Furthermore, the district court reasoned that claim number 6, which dealt with unconstitutional convictions used to calculate Cofield's criminal history was also raised and resolved on direct appeal. Finally, the district court concluded that claims 1 and 5 could have been raised on appeal and that Cofield should not be allowed to use a Sec. 2255 motion as a substitute for appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied relief in this case because Cofield has not established a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Timmreck, 441 U.S. 780, 783 (1979); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Hawkins, 969 F.2d 169, 176 (6th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1021 (1993). The court reviews the judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 Cofield's first claim, that he was denied the right of allocution at sentencing, was not raised on direct appeal and cannot be raised in a motion to vacate sentence. In his Sec. 2255 motion, Cofield claimed that the district court did not personally address him at sentencing and ask him whether he wished to speak. Unless Cofield demonstrates cause and prejudice to excuse his failure to raise this issue on direct appeal, it cannot now be raised in a Sec. 2255 motion. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Cofield cannot show cause for his failure to raise this claim and he suffered no prejudice because his claim is blatantly untrue. The record clearly reveals that before the imposition of sentence, the district court asked: "Okay. Mr Cofield, do you want to say anything for yourself?" Cofield replied: "No Sir. No Sir."
 
 
 7
 Cofield's claims 2, 3, and 6 do not provide proper grounds for a Sec. 2255 motion because they were raised and resolved on direct appeal. In his second claim, Cofield argued that the PSI incorrectly stated that he had an accomplice. Absent highly exceptional circumstances, Cofield's Sec. 2255 motion may not be employed to relitigate issues that were raised and considered on appeal. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). This court held in his direct appeal, however, that Cofield admitted to the FBI that he and a friend concocted the fraud and that sufficient evidence was presented to allow the jury to infer that Cofield acted with an accomplice. United States v. Cofield, No. 91-5957, 1992 WL 78105, at * 4-* 5 (6th Cir. April 17, 1992) (per curiam).
 
 
 8
 In claim three, Cofield argued that the PSI contained erroneous information with respect to being held in contempt of court in the United States District Court for the Northern District of Alabama. He claimed that this information was the basis for the district court's decision to make an improper upward departure. Cofield's Sec. 2255 motion may not be employed to relitigate this claim. The record reveals that the district court was primarily concerned with Cofield's attempt to abuse the judicial system by filing bogus lawsuits for the purpose of extorting settlements from innocent victims. This court specifically mentioned that the district court seemed to be greatly affected by Cofield's continued misuse of the judicial system. Cofield, No. 91-5957, 1992 WL 78105, at * 5. Furthermore, this court held that the upward departure was reasonable because the dollar loss did not fully capture the harmfulness and seriousness of the conduct where, as here, Cofield's offense caused a loss of confidence in the judicial system.
 
 
 9
 In his sixth claim, Cofield argued that four of the underlying state convictions contained in his PSI were constitutionally invalid. Cofield's Sec. 2255 motion may not be employed to relitigate this claim. This court specifically addressed and resolved that question when it held that Cofield failed his burden of proving that the prior judgments were invalid. Cofield, No. 91-5957, 1992 WL 78105, at * 5.
 
 
 10
 Cofield's fourth claim, that the PSI contained unsupported information concerning the amount of money spent by the victims of his fraud and that the district court did not have the authority to order restitution as a part of his sentence, was not raised on direct appeal. Cofield claimed that there was no evidence to support the $20,000 in legal fees paid by the victim of his fraud and that the district court was without authority to order restitution greater than the $1000 fine limit set forth in 18 U.S.C. Sec. 1343. Unless Cofield demonstrates cause and prejudice to excuse his failure to raise this issue on direct appeal, it cannot now be raised in a Sec. 2255 motion. See United States v. Frady, 456 U.S. at 167-69.
 
 
 11
 Cofield cannot establish that he was prejudiced by his failure to raise this claim on direct appeal because the claim is baseless. The imposition of restitution is governed by 18 U.S.C. Sec. 3663 and Sec. 3664, known as the Victim Witness Protection Act ("VWPA"). Under the 1988 version of the VWPA, the court, when sentencing a defendant convicted of an offense under this title may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense. Cofield's fraud consisted of having his accomplice report Cofield's death to the Chattanooga Times. After the paper printed Cofield's obituary, he threatened to sue because of the emotional distress suffered by him and his family. The Times and its defendant-employees offered proof at trial that they paid $20,100 in legal fees to defend the suit. Therefore, Cofield's claim that the PSI contained inaccurate or unsupported information is clearly wrong.
 
 
 12
 Moreover, the district court's restitution order was permissible in light of the Supreme Court's decision in Hughey v. United States, 495 U.S. 411 (1990), and this court's decision in United States v. Jewett, 978 F.2d 248 (6th Cir.1992). In Hughey, the Supreme Court held that, under 18 U.S.C. Sec. 3663, the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order. Hughey, 495 U.S. at 420. In Jewett, this court applied Hughey in a case involving convictions for mail fraud and determined that a district court exceeded its statutory authority by ordering restitution based on all losses caused by the scheme rather than those attributable to the specific conduct for which the defendant was convicted. Jewett, 978 F.2d at 252. In the immediate case, Cofield instituted a bogus lawsuit and the victims' losses were the legal fees paid as a result of the specific conduct for which Cofield was convicted. Moreover, the loss caused by Cofield's bogus lawsuit was approximately $20,100. Thus, the district court's restitution order of $20,000 fell within the "outer limits." See Hughey, 495 U.S. at 420.
 
 
 13
 Cofield's claim that he was indicted by the grand jury based on a false or perjured affidavit is meritless. He claimed that his indictment and subsequent conviction were based on false testimony regarding his marriage and whether he had children. In order to establish a claim that his conviction was based on false testimony, Cofield must show that the testimony was false, material, and that the government knew that it was false. United States v. Farley, 2 F.3d 645 (6th Cir.), cert. denied, 114 S.Ct. 649 (1993). Part of Cofield's scheme to defraud money from the Times and its employees consisted of his allegation that the appearance of his obituary in the paper greatly disturbed his wife and daughter. The government offered proof that Cofield was not married and had no children. This proof consisted of records of the Alabama Department of Corrections which contained statements by Cofield that he has never been married and has no children. Therefore, if the evidence contained in the affidavit was false, it was false because Cofield lied to Alabama corrections officials. Thus, the government cannot be held accountable for knowing that Cofield lied and Cofield cannot show that the testimony was either material or that the government knew it was false.
 
 
 14
 Finally, Cofield argues that the district court abused its discretion by denying his motion for an order requiring the United States Probation Department to respond to his objections to the PSI. This assignment of error has no merit because the grounds upon which Cofield sought the orders were the same grounds to which the government had already responded on May 20, 1993. On July 30, 1993, the district court denied Cofield's "motion for order to show cause why the respondents should not be held in default or in the alternative why the motion for summary judgment should not be granted and taken as true," and denied Cofield's "motion to the court directing the United States Probation Department to respond to objections to PSI pursuant to operations memorandum 068-93 (5820) and the memorandums [sic] response and recommended action from the bureau of prisons." In light of the fact that the government had already responded to Cofield's challenges to the PSI, Cofield presented no authority that would have or should have caused the district court to grant his motions.
 
 
 15
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Cofield's motion for the appointment of counsel is denied.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation