43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert Bruce SPENCER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5619.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Herbert Bruce Spencer was tried by a jury and convicted of multiple drug offenses under Title 21 of the United States Code growing out of a conspiracy to manufacture and distribute methamphetamine, a Schedule II controlled substance. More specifically, Spencer was convicted of conspiracy to manufacture methamphetamine, 21 U.S.C. Sec. 846; aiding and abetting and possession with intent to manufacture approximately 150 gallons of phenylacetone, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; aiding and abetting and possession with intent to distribute and dispense 14 pounds of methamphetamine, 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; and possession with intent to distribute four ounces of methamphetamine, 21 U.S.C. Sec. 841(a)(1). Spencer was sentenced to serve 27 years of imprisonment and a special parole term of ten years. He was also required to pay a $50 special assessment on each of the four counts. This court affirmed on appeal.
 
 
 3
 In his Sec. 2255 motion, Spencer asserted eight claims. The case was submitted to a magistrate judge who recommended that the motion be denied. Upon de novo review, the district court adopted the magistrate judge's report and recommendation. In his timely appeal, Spencer reasserts that: 1) his indictment was constructively amended by the judge and jury in violation of the Fifth Amendment; 2) his indictment did not inform him of the charges against him and the potential sentences in violation of the Sixth Amendment; and 3) his attorney rendered ineffective assistance in violation of the Sixth Amendment.
 
 
 4
 Initially, it is noted that Spencer originally asserted eight issues, but appeals only the three asserted in his objections. The issues which where raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we affirm the district court's judgment because Spencer has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo. Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 The district court properly denied Spencer's first and second claims because Spencer unsuccessfully challenged the sufficiency of the indictment on direct appeal. A Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Spencer filed a pretrial motion for dismissal of the indictment on the ground that methamphetamine was improperly referred to in the indictment as a Schedule II controlled substance. The district court denied the motion and defense counsel reiterated the argument on direct appeal. In this court's opinion, we concluded that Spencer's objections to the fairness of his trial did not raise substantial questions affecting his Fifth or Sixth Amendment rights. United States v. Spencer, No. 87-5169, 1988 WL 10698, at * * 3 (6th Cir. Feb. 11, 1988). In addition, no exceptional circumstances exist which would allow Spencer to relitigate this issue. See Prichard, 875 F.2d at 790-91. This issue does not warrant relief.
 
 
 7
 Spencer was also not denied effective assistance of counsel. Spencer argues that his attorney was ineffective because he did not challenge the sufficiency of the indictment. In order to establish ineffective assistance of counsel, Spencer must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Spencer's contention is clearly incorrect. The magistrate judge's report and recommendation specifically mentions that the indictment was made the subject of severe scrutiny by the district court upon motions filed by defense counsel. It is also noted that the district court sustained Spencer's motion for a bill of particulars. Thus, Spencer's contention that his attorney was ineffective because counsel failed to challenge the sufficiency of the indictment in the district court is clearly incorrect. Moreover the government, in its appellate brief, acknowledges that defense counsel reiterated the challenge on direct appeal. Thus, there is no factual basis for Spencer's argument that counsel was ineffective for failure to challenge the indictment.
 
 
 8
 Accordingly, the district court's order denying Spencer's Sec. 2255 motion is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.