47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Syed Hassan AHMED, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1796.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Syed Hassan Ahmed, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ahmed pleaded guilty to one count of conspiracy to launder money in violation of 18 U.S.C. Sec. 371. He was sentenced to 33 months in prison, three years of supervised release, and ordered to pay a $50 special assessment, pursuant to a negotiated Fed.R.Crim.P. 11 plea agreement. He did not appeal his sentence.
 
 
 3
 In his Sec. 2255 motion, Ahmed claimed that the district court erroneously enhanced his offense severity level by four in considering the substantive offense, money laundering, that had been dismissed as a part of the plea agreement. The government argued that the Fed.R.Crim.P. 11 plea agreement signed by Ahmed stipulated that the district court could consider relevant conduct alleged in the dismissed count to arrive at an appropriate sentence. The magistrate judge recommended that the motion be denied, and the district court denied the motion over Ahmed's objections.
 
 
 4
 Upon review, we conclude that the district court properly denied the motion to vacate because Ahmed has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 5
 Ahmed's claim challenging the calculation of his sentence is not even cognizable in this collateral proceeding as it could have been but was not raised on direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam). Even if cognizable, the claim is only reviewable if Ahmed can establish cause to excuse his failure to assert the claim on direct appeal and actual prejudice resulting therefrom. Reed v. Fraley, 114 S.Ct. 2291, 2300 (1994); United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause is argued or otherwise apparent from the record, and Ahmed was not prejudiced because his claim is meritless.
 
 
 6
 Ahmed contends that the district court erroneously enhanced his offense level by considering the substantive offense (money laundering) that had been dismissed as a part of the plea agreement. This claim is meritless because the dismissed substantive offense was properly considered as relevant conduct. Under USSG Sec. 1B1.3(a)(2) other uncharged conduct may be considered when it is a part of the same course of conduct or common scheme or plan as the offense of conviction. Relevant conduct may include acquitted conduct, even if used to support an enhancement, United States v. August, 984 F.2d 705, 713 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993), and the sentencing court is not bound by any limitation expressed in a plea agreement regarding relevant conduct. United States v. Velez, 1 F.3d 386, 389 (6th Cir.1993). In Ahmed's case, the conduct occurring under the uncharged substantive offense of money laundering was clearly a part of the same course of conduct occurring under the charged offense of conspiracy to launder money. Ahmed admitted and agreed that he accepted one million dollars in cash from an undercover agent for the purpose of laundering the money. The claim is without merit.
 
 
 7
 In addition, Ahmed's offense level was calculated and agreed to by the parties. In paragraph 4 of the plea agreement, Ahmed agreed not to contest the stipulated calculations. In paragraph 3, he agreed that the court was allowed to consider conduct alleged in the dismissed count in arriving at an appropriate sentence. Thus, Ahmed received the benefit of his bargain and cannot now argue on appeal that the district court erred in following the course urged by defense counsel. See Tech Hills II Assocs. v. Phoenix Home Life Mutual Ins. Co., 5 F.3d 963, 970 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.