50 F.3d 10
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William DILLARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5622.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 1
 Before: NELSON and SUHRHEINRICH, Circuit Judges, and SMITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury found William Dillard guilty of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. Sec. 846, and conspiracy to convert government property, in violation of 18 U.S.C. Sec. 371. The district court sentenced Dillard to serve 108 months in prison. This court affirmed the judgment of conviction and sentence on appeal. United States v. Sivils, 960 F.2d 587 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992).
 
 
 4
 In his Sec. 2255 motion, Dillard claimed that: 1) the government systematically excluded African-Americans from the jury panel; 2) in applying the sentencing guidelines the district court improperly enhanced the offense level for possession of a firearm; 3) the district court improperly denied him a two-level reduction for acceptance of responsibility; 4) the district court improperly imposed a two-level enhancement for abuse of public trust; 5) the district court improperly denied him a two-level reduction as a minor participant in the conspiracy; and 6) the district court never properly established the amount of the drugs involved in the conspiracy. A magistrate judge recommended that Dillard's Sec. 2255 motion be denied. The district court adopted the recommendation over Dillard's objections. In his timely appeal, Dillard reasserts the claims set forth in the district court.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate sentence because Dillard has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 The district court properly denied Dillard's first claim. Dillard claimed that he was denied a fair trial due to a systematic exclusion of blacks from the jury. The racially discriminatory exercise of peremptory challenges by the state offends the Equal Protection Clause in certain circumstances. Batson v. Kentucky, 476 U.S. 79, 88-89 (1986). These circumstances, however, are not present here. The record reveals that the government exercised eight peremptory challenges. All eight jurors struck by the government were white. There is simply no basis for any suggestion that the government improperly struck black jurors from the panel.
 
 
 7
 A concern related to this first issue is whether the jury venire represented a fair cross-section of the community. The "fair-cross-section" requirement is fundamental to the jury trial guarantee by the Sixth Amendment. See Taylor v. Louisiana, 419 U.S. 522 (1975). Dillard has not shown that he was denied a fair jury venire cross-section. In order to establish a prima facie case, Dillard must show that the group alleged to be excluded is a "distinctive" group, that the representation of this group in the venire from which his jury was selected is not fair and reasonable in relation to the number of such persons in the community, and that this underrepresentation is due to systematic exclusion of the group in the jury selection process. See Duren v. Missouri, 439 U.S. 357, 364 (1979). Dillard offered no statistics or demographic data to suggest a distinctive group in the community was underrepresented as the result of a systematic exclusion, and by the terms of his claim he obliquely admits that blacks were on the venire.
 
 
 8
 The district court properly denied Dillard's second claim. Dillard's claim that the district court erred in adding two levels for possession of a firearm was raised and rejected on direct appeal. See Sivils, 960 F.2d at 596. A Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989). No exceptional circumstances exist which would allow Dillard to relitigate this issue.
 
 
 9
 Dillard's claims 3 through 6 also address the calculation of his sentence. These claims are not cognizable in this collateral proceeding as they could have been but were not raised on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (nonconstitutional claims that could have been raised on direct appeal cannot be asserted in a Sec. 2255 motion, as such a motion will not do service for a direct appeal); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (nonconstitutional claims--including challenges to a court's application of the guidelines--that could have been asserted on direct appeal may not be asserted on a collateral proceeding). The claims are only reviewable if Dillard can establish cause to excuse his failure to assert the claims on direct appeal and actual prejudice resulting therefrom. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause is argued or otherwise apparent from the record, and Dillard was not prejudiced because his claims are meritless for the reasons set forth in the magistrate judge's recommendation as adopted by the district court.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation