50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence WATSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3985.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1995.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Lawrence Watson, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury found Watson guilty of armed robbery in violation of 18 U.S.C. Sec. 2113(a), (d) and (2), knowingly using a firearm in violation of 18 U.S.C. Sec. 924(c)(1), falsely representing his social security number in violation of 42 U.S.C. Sec. 408(a)(7)(B), and knowingly possessing proceeds of a robbery in violation of 18 U.S.C. Sec. 2113(c). The district court determined that Watson was a Category VI "career offender" pursuant to USSG Sec. 4B1.1 and sentenced him to 322 months in prison. This court affirmed his judgment of conviction and sentence on appeal. United States v. Watson, Case No. 92-3052, 1993 WL 11873 (6th Cir. Jan. 21, 1993) (per curiam).
 
 
 4
 In his Sec. 2255 motion, Watson claimed that he received ineffective assistance of trial and appellate counsel because: 1) counsel did not properly object to the court's jury instructions concerning count five of the indictment; 2) counsel did not file any motions for Brady or Jencks Act materials; 3) counsel did not take the necessary time to discuss the presentence investigation report with him; and 4) counsel did not raise the issue of the indictment's constructive amendment. The magistrate judge recommended that Watson's motion be denied and the district court adopted the report and recommendation over Watson's objections. In his timely appeal, Watson reasserts the claims set forth in the district court.
 
 
 5
 Upon review, we conclude that the district court properly denied Watson's Sec. 2255 motion because Watson has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 6
 Initially, we note that Watson's first and fourth claims were properly denied because they were reviewed for plain error and rejected in his direct appeal. A Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). No such circumstances exist in this case.
 
 
 7
 Watson was not denied effective assistance of counsel in any other respect. In order to establish ineffective assistance of counsel. Watson must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong of the Strickland test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694.
 
 
 8
 Watson's claims amount to pure conjecture and do not even facially show any deficient performance, much less any prejudice to his case.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation