52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phyllis McCLENDON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3922.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying her motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, a jury found Phyllis McClendon guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. Sec. 846, maintaining a house for the distribution of cocaine base, in violation of 21 U.S.C. Sec. 856(a)(2) and 18 U.S.C. Sec. 2, and possession with intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1), 21 U.S.C. Sec. 841(b)(1)(B)(iii), and 18 U.S.C. Sec. 2. McClendon was sentenced to serve 115 months in prison. This court affirmed McClendon's conviction on appeal. United States v. McClendon, Case No. 92-3878 (6th Cir. April 27, 1993).
 
 
 4
 On March 10, 1994, McClendon filed the instant motion to vacate sentence under 28 U.S.C. Sec. 2255 in the district court. In her motion, McClendon claimed that: 1) defense counsel rendered ineffective assistance; 2) the district court erred by adding a two level adjustment for possession of a firearm; and 3) the district court erred in its calculation of drug quantity to determine McClendon's base offense level. The United States filed a response to the motion to vacate and supplemented the response with an affidavit from trial counsel. McClendon replied to the government's response. The district court denied the motion, and McClendon appeals from that judgment.
 
 
 5
 In her timely appeal, McClendon redefined her claims and argues that her attorney rendered ineffective assistance of counsel by not pursuing a plea bargain, defense counsel rendered ineffective assistance of counsel because he did not object to the drug quantity, did not pursue a four level reduction for her role in the offenses, and did not object to the two point enhancement for possession of a firearm. Finally, McClendon argued that the district court erred by not crediting her with acceptance of responsibility.
 
 
 6
 Two of McClendon's reconfigured appellate arguments were not raised in the district court. For the first time in this proceeding, McClendon urges that counsel was ineffective for failing to raise her eligibility for a "role-in-the-offense" adjustment. Although the issue of counsel's effectiveness was raised in the district court, this specific allegation of counsel's performance has not been raised or considered by the district court. Unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Exceptional circumstances are not present in this case. Nothing in the record suggests that McClendon is entitled to a downward adjustment. She made no statement to the probation department indicating that she was less culpable than her codefendant and offered the district court nothing during her sentencing to justify such a reduction.
 
 
 7
 Similarly, McClendon argues for the first time on appeal that the district court should have reduced her sentence calculation because she accepted responsibility for her offenses. Like the previous claim, unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d at 407. Exceptional circumstances are not present in this case. McClendon made no statement to the probation department concerning her role in the offenses that might have justified a reduction.
 
 
 8
 Upon further review, we conclude that the district court properly denied McClendon's motion to vacate because she has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), and examines the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 9
 The district court properly denied McClendon's Sec. 2255 motion because trial counsel rendered effective assistance. McClendon illustrates her claim of ineffective assistance of counsel by arguing that: a) counsel did not pursue a plea agreement; b) counsel did not object at sentencing to the drug quantity attributed to her; and c) counsel did not object to the firearm enhancement. In order to establish ineffective assistance of counsel, McClendon must show that her attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong of the Strickland test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 
 
 10
 Counsel was not ineffective for not pursuing a plea agreement. As her first illustration of counsel ineffectiveness, McClendon appears to argue that her decision to go to trial was not knowing nor intelligent because her attorney did not adequately explain or pursue the possibility of entering into a plea agreement. The point of her argument is that it was unreasonable for her attorney not to pursue a plea bargain. The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged errors. Strickland v. Washington, 466 U.S. at 687. In the context of McClendon's trial, the record reveals that she testified she was not guilty of the offenses charged in the indictment. She maintains her innocence even in her appellate brief. McClendon's claim of innocence precludes a plea bargain. Thus, it was not unreasonable for counsel not to pursue a plea bargain.
 
 
 11
 In addition, there is a strong presumption that defense counsel's decisions are guided by sound trial strategy. See Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Ultimately, the burden is on McClendon to show that her attorney's performance resulted in an actual breakdown of the adversarial process so as to deprive her of a fair proceeding. See United States v. Cronic, 466 U.S. 648, 657 (1984). McClendon has not overcome the presumption that her attorney's decision not to pursue a plea bargain was the result of something other than a reasonable strategy based entirely upon McClendon's claim of innocence.
 
 
 12
 Counsel was not ineffective for not challenging the drug quantity attributed to McClendon for sentencing. This claim is meritless because the drug amount determined at sentencing was the same drug amount that was needed to be found to support McClendon's conviction for possession of cocaine base in an amount over five grams. The sentencing court attributed possession of over five grams of cocaine base to McClendon. This was the same amount that the government had to prove to support McClendon's conviction for possession of over five grams of cocaine base which this court found to be sufficient on direct appeal. Thus, if the evidence was sufficient to support the conviction under the "beyond-a-reasonable-doubt" standard of proof, it necessarily meets the "preponderance-of-the-evidence" standard of proof required to support the sentence. Therefore, counsel was not ineffective for not challenging the drug amount at sentencing.
 
 
 13
 Counsel was not ineffective for not objecting to the firearm enhancement. McClendon argues that her counsel was ineffective for not objecting and appealing the district court's two-level enhancement of her sentence for possession of a firearm. The sentence enhancement (USSG Sec. 2D1.1(b)(1)) applies in cases where the gun could have facilitated the drug offense. See United States v. Snyder, 913 F.2d 300, 303 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991). The enhancement applies even though the burden is shifted to the defendant to show that it was clearly improbable that the weapon was connected with the offense. See United States v. McGhee, 882 F.2d 1095 (6th Cir.1989). The facts in this case clearly support the imposition of the enhancement. McClendon's coconspirator was armed while selling crack cocaine from McClendon's apartment. Moreover, a loaded pistol was found under the sofa in the living room where McClendon and the cocaine were found at the time of arrest. Thus, inasmuch as the enhancement clearly applies to McClendon's sentence, counsel did not err by not objecting to its imposition.
 
 
 14
 The district court properly denied McClendon's second and third claims. McClendon based her second and third claims of trial court error on the same grounds used to support her claim of ineffective assistance of counsel. As we have already rejected the latter claim as without merit, we likewise conclude that the district court properly denied McClendon's second and third claims.
 
 
 15
 Accordingly, McClendon's motion for in forma pauperis status is granted solely for the purpose of this appeal, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation